**Aurora URBINA–RODRIGUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74662.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 15, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, John S. Hogan, Esq., San Francisco, CA, William C. Peachey,

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Aurora Urbina–Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider its order adopting and affirming the Immigration Judge's order denying her applications for asylum, withholding of removal, relief under the Convention Against Torture, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in construing the motion as a motion to reconsider where Urbina–Rodriguez alleged that the BIA overlooked her briefs in dismissing her appeal but did not introduce any new evidence or argue a change in factual circumstances. *See Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003) (holding that a motion to reconsider is a request that the BIA "reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of a case which was overlooked, while [a] motion to reopen is usually based upon new evidence or a change in factual circumstances.") (internal quotations omit-

ted); *compare* 8 C.F.R. § 1003.2(b)(1) *with* 8 C.F.R. § 1003.2(c)(1).

The BIA did not abuse its discretion in denying the motion as untimely because it was filed more than 30 days after the BIA's March 14, 2005 order. *See* 8 C.F.R. § 1003.2(b)(2).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

